IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| R.D. RYNO, 27953-077, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CV-1076-B |
| | ) | ECF |
| HONORABLE A. JOE. FISH, | ) | |
| Defendant. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

## FINDINGS AND CONCLUSIONS

### I. Background

Plaintiff is an inmate in the federal prison system. He files this complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). He is proceeding pro se and the Court has granted him permission to proceed *in forma pauperis*.

On May 8, 2006, Plaintiff was convicted of failure to appear, in violation of 18 U.S.C. §§ 3146 (a)(2) and (b)(A)(ii). *United States v. Ryno*, 3:97-CR-262-G (N.D. Tex.). He is currently awaiting sentencing. He files this suit against the trial judge claiming that the judge suppressed evidence favorable to him, maliciously prosecuted him, tampered with witnesses and conspired to defraud Plaintiff of money. Plaintiff seeks compensatory damages, punitive damages, an injunction prohibiting Defendant from coming within 100 feet of him, and an order disqualifying Defendant from further presiding over his case.

**Findings and Conclusions of the**
**United States Magistrate Judge**   Page -1-

## II. Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.").

Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is frivolous or fails to state a claim upon which relief may be granted. A complaint is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## III. Discussion

In *Heck v. Humprey*, 512 U.S. 477 (1994), the Supreme Court held that a § 1983 claim attacking the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order,

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -2-

declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. *Heck* also bars damage claims, which, if successful, would necessarily imply the invalidity of a conviction or pending charge. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

Plaintiff's claims are clearly connected to the legality of his conviction. A finding in favor of Plaintiff would imply the invalidity of his conviction. Plaintiff's conviction, however, has not been reversed, expunged, or otherwise invalidated. Hence, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).[1]

Plaintiff also raises claims of libel, slander, false imprisonment, abuse of process, deceit and misrepresentation. It is unclear if these claims are part of Plaintiff's civil rights allegations, or whether Plaintiff is attempting to raise state law claims. Because the Court recommends that Plaintiff's federal claims be dismissed, it also recommends that, to the extent Plaintiff is attempting to raise state law claims, the Court dismiss Plaintiff's claims. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("pendant jurisdiction is a doctrine of discretion . . . . Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").

---

[1] Plaintiff requests monetary damages against Defendant. Judges, however, have absolute immunity for actions taken within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996). To the extent that Plaintiff's claims arise out of Defendant's rulings in presiding over Plaintiff's criminal case, Defendant is entitled to judicial immunity.

**RECOMMENDATION**

The Court recommends that: (1) Plaintiff's claims pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), be dismissed with prejudice until the *Heck* conditions are met; and (2) Plaintiff's state law claims be dismissed without prejudice.

Signed this 24th day of July, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court.  See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).